UNITED STATES DISTRICT COURT
FOR THE
MIDDLE DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| MICHAEL CURTIS REYNOLDS, | : | |
| Plaintiff | : | |
| v. | : | CIVIL NO. 4:CV-07-892 |
| JANINE DONATE, ETAL., | : | (Judge McClure) |
| Defendants | : | |

## **MEMORANDUM**

May 22, 2007

**Background**

Michael Curtis Reynolds ("Plaintiff"), an inmate presently confined in the Lackawanna County Prison, Scranton, Pennsylvania, initiated this *pro se* civil rights action pursuant to 42 U.S.C. § 1983. The complaint is accompanied by a request for leave to proceed in forma pauperis.[1] For the reasons set forth below, Reynolds' complaint will be dismissed, without prejudice pursuant to the screening provisions of 28 U.S.C.§ 1915(g).

Named as Defendants are the Lackawanna County Commissioners, the Lackawanna County Prison Board, and two (2) prison employees, Warden Janine

---

1. Reynolds completed this Court's form application to proceed in forma pauperis and authorization to have funds deducted from his prison account. The Court then issued an Administrative Order directing the Warden of the Lackawanna County Prison to commence deducting the full filing fee from Plaintiff's prison trust fund account.

Donate and Lieutenant Dittfield. The complaint alleges that Donate and Dittfield violated Reynolds' rights under the Fifth and Fourteenth Amendments by having him placed in administrative custody segregation, "a 23 hour lockdown unit for four months." Record document no. 1, ¶ 4. Reynolds maintains that the placement was punitive, afforded him minimal law library access, prevented his access to activities enjoyed by general population prisoners, and was improper in light of his status as a pre-trial detainee.[2] Plaintiff adds that during this period of segregated confinement he was: assigned a cellmate, Ray Ward, with a history of assaultive behavior (however, there is no claim that said cellmate assaulted Reynolds); assaulted by a fellow inmate, Chris Galliego; and was not allowed to telephone the District Attorney's office. As relief, Plaintiff seeks compensatory and punitive damages.

## Discussion

Under § 1915(g), a federal civil action by a prisoner proceeding in forma pauperis is barred if he or she:

> has, on 3 or more prior occasions, while incarcerated or detained in any facility, brought an action or appeal in a court of the United States that was dismissed on the grounds that it is frivolous, malicious, or fails to state a claim upon which relief may be granted, unless the prisoner is under imminent danger of serious physical injury.

Reynolds, while incarcerated, previously initiated the following civil actions which were dismissed by this Court under 28 U.S.C. § 1915(e)(2)(B) as being

---

2. Plaintiff is presently the subject of an ongoing federal criminal prosecution in this district. See United States v. Reynolds, Case No. 3:05-CR-493. Jury selection and trial are presently scheduled for later this month.

frivolous: <u>Reynolds v. Lackawanna County Prison</u>, Civil No. 4:06-CV-1190 (M.D. Pa. July 7, 2006)(complaint *sua sponte* dismissed as frivolous); <u>Reynolds v. Gurganus, et al.</u>, Civil No. 4:06-CV-1753 (M.D. Pa. Sept. 11, 2006)(*sua sponte* dismissal on grounds that complaint is frivolous); <u>Reynolds v. Kosik, et al.</u>, Civil No. 4:06-CV-2466 (M.D. Pa. Jan.18 , 2007)(complaint *sua sponte* dismissed as frivolous).

Plaintiff's present complaint, which is dated May 13, 2007, challenges the constitutionality of his four (4) month placement in administrative custody segregation. However, there is no indication that Reynolds is still in administrative segregation. The complaint also indicates that Inmate Ward is no longer his cell mate and there are no assertions that Inmate Galliego still poses a threat to his safety. It is additionally noted that Plaintiff does not seek any type of injunctive relief, i.e, a transfer.

Simply put, the alleged unconstitutional conduct does not place this inmate in danger of imminent "serious physical injury" at the time his complaint was filed on May 13, 2007. <u>See</u> <u>Abdul-Akbar v. McKelvie</u>, 239 F.3d 307, 312 (3d Cir. 2001), <u>cert. denied</u>, 533 U.S. 953 (2001). Pursuant to the standards announced in §1915(g), Reynolds' present civil rights action is barred under § 1915(g). An appropriate Order will enter.

                       s/ James F. McClure, Jr.
                       JAMES F. McCLURE, JR.
                       United States District Judge

UNITED STATES DISTRICT COURT
FOR THE
MIDDLE DISTRICT OF PENNSYLVANIA

MICHAEL CURTIS REYNOLDS, :
:
    Plaintiff :
:
    v. : CIVIL NO. 4:CV-07-892
:
JANINE DONATE, ET AL., :
: (Judge McClure)
    Defendants :
:

## **ORDER**

May 22, 2007

In accordance with the accompanying Memorandum,

**IT IS HEREBY ORDERED THAT:**

    1.    The Plaintiff's complaint is dismissed without prejudice as frivolous pursuant to 28 U.S.C. § 1915(g).

    2.    The Clerk of Court is directed to close the case.

    3.    Any appeal from this Order will be deemed frivolous, without probable cause and not taken in good faith.

    4.    Plaintiff's accompanying motion for summary judgment (Record document no. 4) is DENIED as moot.

          s/ James F. McClure, Jr.
        JAMES F. McCLURE, JR.
        United States District Judge